## Commonwealth v. Regrut

Before Gibson, P. J., and Cummins, J.

*Lloyd O. Hart* and *Walter H. Scott*, for petitioner.
*Frank J. Docktor*, for Commonwealth.

GIBSON, P. J., November 1, 1948.—On July 2, 1940, defendant was sentenced in the above proceeding to pay the costs of prosecution amounting to $81 and to pay

$12.50 per week for support as long as his earnings exceed $90 a month, and if under that amount the probation officer was to make adjustments. On this order defendant paid $12.50 and nothing in these records shows any adjustment.

A bench warrant was issued on January 4, 1941, and on it defendant was arrested at Corry, Pa.

It further appears that on September 17, 1943, defendant was in court on a bench warrant for failure to comply with the conditions of his parole, and after hearing it was ordered that he pay for the support of his wife and child the sum of $18 per week and file a bond in the sum of $1,000, "conditioned that he comply with the order of court".

On September 25, 1943, defendant entered into a recognizance in the sum of $1,000 (cash bond), conditioned "that if the said Stephen Regrut shall and do well and truly comply with and perform in all particulars the order of the Court of Quarter Sessions made on September 17, 1943, at No. 143, August Term, 1940, for the payment of certain moneys, and in all things comply with such further or supplemental orders and directions as the said Court may at any time or times give respecting the subject matter of the order dated as aforesaid, then this recognizance to be void and of no effect, otherwise to be and remain in full force and virtue", and at that time the sum of $1,000 was deposited with the clerk of courts.

On March 24, 1947, an order was made reciting the previous order of September 17, 1943, the filing of the bond, and that the wife of defendant had secured a divorce from him, and, therefore, after hearing, the former order was modified and fixed at $9 per week for the support of his daughter from February 24, 1947, the date when the divorce was granted.

It now appears from petition filed, rule issued and answer filed, that Stephen Regrut, defendant, died

July 3, 1948, a resident of Corry, Erie County, Pa., and that on July 20, 1948, letters testamentary on his estate were issued to Mabel King Regrut, who has petitioned for an order that the sum of $1,000 filed as the cash bond in the above-entitled proceeding be paid to her as such executrix. Answers have been filed which do not dispute these allegations but claim that there was a default in the payments required of defendant totaling a sum considerably larger than the amount of the bond.

From the testimony taken at the hearing, at which the records of the probation office were presented, it is clear that on the original order defendant paid only the sum of $12.50, and since the amended order of September 17, 1943, defendant faithfully complied with the order by the payment of $18 per week until the modification thereof under order dated March 24, 1947, and has complied with the order as modified on that date. The default occurred prior to the order made September 17, 1943, at which time defendant's recognizance was given to comply with that order and supplemental order.

The only question remaining is whether or not, a bond or recognizance having been given to comply with the court's order, the liability on that security can be extended beyond the date of death of defendant. This we answer in the negative under the authority of Commonwealth, to use, v. Moran, 251 Pa. 477, where it was held:

"When the act of God, that is the death of the defendant, made impossible his further compliance with the sentence of the criminal court, there was no default within the true meaning of the obligation entered into by the surety."

This rule has not been changed by the provisions of the Act of May 12, 1921, P. L. 548, as amended by the Act of March 19, 1925, P. L. 49, providing that in

lieu of bail and recognizances with sureties thereon required and approved by the court, the party or parties required to enter into bail or recognizance may deposit the amount of bail with the clerk of courts. The cash simply stands in lieu of the bail and is to be treated in the same manner as a bondsman.

As to any default previous to the order of September 17, 1943, an action in assumpsit appears to be the proper remedy: Neison v. Snyder, 33 Del. Co. 102.

And now, November 1, 1948, it is ordered that the clerk of courts pay over to Mabel King Regrut, executrix of the estate of Stephen D. Regrut, defendant, the cash bond deposited by him in the proceeding at the above number and term, in the sum of $1,000, less the proper fees and costs.